### THORNTON v. LENNON.

(Supreme Court, Appellate Division, First Department.  May 6, 1898.)

NEGLIGENCE—FALL OF BUILDING.

In an action to recover damages for injuries causing the death of plaintiff's intestate, through the fall of a building owned by defendant, on the ground of his individual participation in directing the improper construction thereof, there was no evidence that he did participate in the construction, nor were the plans or specifications in evidence, nor any showing as to their contents, or that he contracted for the unlawful acts done. *Held*, that there was no basis for a recovery.

Appeal from trial term.

Action by John Thornton, administrator, against William F. Lennon. From the judgment entered on a verdict, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Abram I. Elkus, for appellant.
J. M. Gardner, for respondent.

VAN BRUNT, P. J.   This action was brought to recover damages for injuries suffered by the plaintiff's intestate, causing his death, by the falling of a building of which the defendant was the owner, and which was alleged to have been negligently constructed.   An examination of this record seems to show that a recovery was had in this case because another party had succeeded in obtaining a judgment in another action.   But the crucial proof which sustained the judgment which was affirmed by this court is entirely absent from the case at bar.   In the case of Pitcher v. Lennon, 12 App. Div. 356, 42 N. Y. Supp. 156, the defendant was held liable because it was established that he superintended the erection, gave directions as to what should be done, furnished the plans to the contractors which contravened the law, supplied the materials, and ordered the granite blocks and templets, whose too narrow distribution of weight caused the fall, and violated the statute.   In the case at bar there is no such proof as this.   No plans or specifications are in evidence, and nothing is shown as to their contents; nor does the participation of the defendant in the construction appear; and the case seems to be fatally defective in that regard.   It is true that there is evidence that the defendant was around the premises for a little while almost every day, but it is further in evidence that he did not interfere with the mechanical construction when the wall was being built.   It is claimed by the respondent that the defendant is liable, in contracting for and

directing an unlawful act in violation of the statute, to one injured thereby. But, as has already been shown, there is no evidence that he either contracted for the thing done, or had anything to do in respect to its direction. The absence of the plans seems to be fatal to the plaintiff's judgment in the case at bar.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.